IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–00654–DDD-KMT

THE AMERICAN INSURANCE COMPANY, an Ohio corporation,

    Plaintiff/Counter-Defendant,

v.

PINE TERRACE HOMEOWNERS ASSOCIATION,

    Defendant/Counter-Plaintiff.

---

## ORDER

---

Before the court is Plaintiff's "Motion to Compel Production of Third-Party Documents Improperly Withheld by Defendant." [("Motion"), Doc. No. 48.] Defendant has responded in opposition to the Motion, and Plaintiff has replied. [("Response"), Doc. No. 63; ("Reply"), Doc. No. 69.] The Motion concerns privilege issues, as well as the adequacy of Defendant's Privilege Log, attached as Exhibit No. 14. [*See* Mot. Ex. 14.] To resolve the Motion, the court will be called upon to make findings regarding Defendant's assertion of both attorney client privilege and work product protection, with respect to discovery documents produced by third parties, in response to subpoenas issued by Plaintiff. [Mot. 4-14.]

Rule 26(b)(1) of the Federal Rules of Civil Procedure requires production of nonprivileged materials relevant to a party's claims or defenses. Privileges further the administration of justice and "should not be set aside lightly." *McNeil-PPC, Inc. v. Procter & Gamble Co.*, 138 F.R.D. 136, 138 (D. Colo. 1991); *see also Horton v. United States*, 204 F.R.D.

670, 672 (D. Colo. 2002).  However, privileges also serve to withhold relevant information from the finder of fact, and for that reason, should be narrowly construed.  *Plaza Ins. Co. v. Lester*, No. 14-cv-01162-LTB-CBS, 2015 WL 3528336, at *4 (D. Colo. June 4, 2015) (citing *Montgomery v. Leftwich, Moore & Douglas,* 161 F.R.D. 224, 225 (D.D.C.1995)).

Where, as in this case, subject matter jurisdiction is premised on diversity, the court must apply Colorado's law governing attorney client privilege.  *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1424 (10th Cir. 1990) ("In a civil case based upon a state cause of action, state law controls the determination of privileges.").  "Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3)."  *Frontier Refining, Inc. v. Gorman–Rupp Co., Inc*., 136 F.3d 695, 702 n.10 (10th Cir. 1998) (quoting *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3rd Cir. 1988)).

The attorney client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976); *see also United States v. Johnston,* 146 F.3d 785, 794 (10th Cir. 1998) (finding that, in order to be protected by the attorney client privilege, a communication between a lawyer and client must relate to legal advice or strategy).  The privilege does not, however, allow the withholding of documents simply because they are the product of an attorney-client relationship.  *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-51 (10th Cir.1995).  Only confidential information is protected by the privilege; if the information has been, or is, later shared with third parties, the privilege does not apply.  *United States v. Ryans,* 903 F.2d 731, 741 n.13 (10th Cir.1990) (noting the waiver of attorney client privilege,

where the substance of the communication was disclosed to a third party, even inadvertently); *see also Wildearth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1265–66 (D. Colo. 2010).

In defending its assertion of the attorney client privilege, the withholding party has an obligation to put forth sufficient information to show that the withheld information meets the required characteristics of attorney-client privileged material. *Wildearth Guardians*, 713 F. Supp. 2d at 1266. Accordingly, in order to properly invoke the attorney client privilege, Defendant must show that the document "(1) involves 'confidential communications between an attorney and [his or her] client' and (2) relates to a 'legal matter for which the client has sought professional advice.'" *Judicial Watch, Inc. v. U.S. Postal Serv.*, 297 F. Supp. 2d 252, 267 (D.D.C. 2004). It is Defendant's obligation in this case to provide "sufficient information to enable [Plaintiff and the court] to determine whether each element of the privilege . . . has been satisfied." *Wildearth Guardians*, 713 F. Supp. 2d at 1266. "On raising the privilege, a general allegation is insufficient." *State of Colo. ex rel. Woodard v. Schmidt–Tiago Const. Co.*, 108 F.R.D. 731, 734 (D. Colo. 1985); *see also Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984).

The work product doctrine exempts from discovery "documents and tangible things . . . prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). It is intended to provide a lawyer "with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). In that respect, the work product doctrine is not a privilege within the scope of Federal Rule of Evidence 501, but rather, "a tool of judicial administration" that furthers the goals of fairness and convenience.

*Plaza Ins. Co. v. Lester*, No. 14-CV-01162-LTB-CBS, 2015 WL 3528336, at *6 (D. Colo. June 4, 2015); *see also Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123 F.R.D. 198, 201 (M.D.N.C.1988). "A document is protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential." *Aull v. Cavalcade Pension Plan*, 185 F.R.D. 618, 624 (D. Colo. 1998).

The doctrine does not protect materials prepared in the "ordinary course of business." *W. Nat'l Bank v. Employers Ins. of Wausau*, 109 F.R.D. 55, 57 (D.Colo.1985). This is important in this case, because protection is apparently sought for information and documents which were created simply to repair and maintain HOA property by persons whose business it was to do so, including a management company, a window manufacturer and installer, and a construction contractor.

Documents prepared in anticipation of litigation are those that "in light of the nature of the document and the factual situation in the particular case . . . can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martensen v. Koch*, 301 F.R.D. 562, 572–73 (D. Colo. 2014); *c.f. Century Surety Co. v. Smith*, No. 14–cv–00947–RM–MJW, 2014 WL 7666061, at *6 (D. Colo. Jan. 21, 2014) (noting that "[i]n Colorado, an insurance company's factual investigation of a claim is presumed to be made in the ordinary course of business rather than in anticipation of litigation").

Additionally, pursuant to Federal Rule of Civil Procedure 26(b)(3)(A), a party generally "may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." This protection can be undone, if "the party

4

shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*  Even where a court orders the production of work product protected materials, however, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).  Rule 26(b), thus, "contemplates a sequential step approach to resolving work product issues," as follows:

> First, the party seeking discovery must show that the subject documents or tangible things are relevant to the subject matter involved in the pending litigation and are not privileged. Once such a showing has been made, the burden shifts to the party seeking protection to show that the requested materials were prepared in anticipation of litigation or for trial by or for the party or the party's attorney, consultant, surety, indemnitor, insurer or agent. Such a showing may be made by affidavit, deposition testimony, answers to interrogatories, and the like. If the Court concludes that the items were prepared in anticipation of litigation, the burden shifts back to the requesting party to show: (a) a substantial need for the materials in the preparation of the party's case; and (b) the inability without undue hardship of obtaining the substantial equivalent of the materials by other means. Finally, even if substantial need and unavailability are demonstrated, the Court must distinguish between factual work product, and mental impressions, opinions, and conclusions, for the latter are rarely, if ever, subject to discovery.

*Martin v. Monfort, Inc.*, 150 F.R.D. 172, 172-73 (D. Colo. 1993) (citations omitted).

Since utilization of a privilege log often provides the required information to assert both attorney client privilege and the work product doctrine, the privilege log must identify

> [a]t a minimum, ... the author or origin of the document; any documents or materials attached to the document; all recipients of the document, including addressees and persons or entities receiving copies; the date of origin of the document; and a description on the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege.

*Wildearth Guardians*, 713 F. Supp. 2d at 1266 (quoting *Carbajal v. Lincoln Beneficial Life Co.*, No. 06-cv-00884-EWN-KLM, 2007 WL 3407345, at *3 (D. Colo. Nov. 13, 2007)).

Privilege log entries may be deemed insufficient, where they are missing "vital information" regarding whether the sender or recipient is an attorney, or a descriptive indication as to why the document fits the elements of the privilege, *e.g.,* that it was not shared with a larger group, and therefore, is not confidential. *In re Application of Michael Wilson & Partners*, No. 06–cv–02575–MSK–KMT, 2009 WL 1193874, at *6–*7 (D. Colo. Apr. 30, 2009).

In attempting to rule upon the pending motions, the court finds itself unable to fully identify individuals listed in the Defendant's Privilege Log. [*See* Mot. Ex. 14.] Additionally, the court is unable to discern, merely by reference to the "Basis for withholding/redacting" section, what it is about the document which would cause it to be covered by the claimed privilege, especially when the communication does not involve one of the three lawyers listed as Defendant's counsel in this case—Jonathan Bukowski, Larry Bache, or Tim Burchard.

The "bedrock principle" is that the party asserting the privilege must prove its applicability. If the privilege is not sufficiently justified through a privilege log, the privilege may be waived. *Lee v. State Farm Mut. Auto. Ins. Co.*, 249 F.R.D. 662, 683 (D. Colo. 2008); *Wildearth Guardians*, 713 F. Supp. 2d at 1265–66. However, the attorney client privilege, in particular, is sacrosanct, and declaring a waiver of privilege as an appropriate sanction for an inadequate log is too harsh a penalty at this stage. Defendant should be allowed to cure the deficiency in their logs, if possible, and preserve the privileges it asserts, to the extent they may be truly applicable. *Pandeosingh v. Am. Med. Response, Inc.*, No. 14-cv-01792-PAB-KMT, 2014 WL 5488415, at *2 (D. Colo. Oct. 30, 2014).

This court's skepticism notwithstanding, it is most prudent to avoid compelling production of the withheld information for the time being, for lack of Defendant's proof of

privilege.  Accordingly, in order to allow meaningful consideration of Defendant's assertions of privilege, and for the court to consider and rule on the pending motion, Defendant shall submit an amended/supplemented privilege log, identifying for each document withheld: (1) the author or origin of the document; (2) any documents or materials attached to the document; (3) all recipients of the document, including addresses and persons or entities receiving copies; (4) the date of the origin of the document; and (5) a description of the contents of the document in sufficient detail as to reveal why it is subject to the asserted privilege.  Merely citing the privilege by name is not sufficient, especially when work product protection is invoked, or when attorney involvement in the communication is not facially apparent.  In developing this amended/supplemented privilege log, Defendant should clearly articulate why these communications, which at this point seemingly lack any indicia of confidentiality, are subject to protection under the attorney client privilege or the work product doctrine.  *E.E.O.C. v. Outback Steakhouse of FL, Inc.*, 251 F.R.D. 603, 610–11 (D. Colo. 2008).

The court also requires that the amended/supplemented privilege log be accompanied by a Participant Guide, identifying every person named in the "document description" entry, including each participant's full name, his or her employer at the time of the communication, and his or her role in the hail/storm damage claim which is the subject of this action.

Accordingly, it is

7

**ORDERED** that the "Motion to Compel Production of Third-Party Documents Improperly Withheld by Defendant" (Doc. No. 48) is **HELD IN ABEYANCE**. It is further

**ORDERED** that, on or before **close of business March 19, 2021**, Defendants shall file with the court an Amended/Supplemented Privilege Log and a Privilege Log Participant Guide consistent with this Order.

Dated March 12, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge