IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–00654–DDD–MDB

THE AMERICAN INSURANCE COMPANY, an Ohio corporation,

    Plaintiff/Counter-Defendant,

v.

PINE TERRACE HOMEOWNERS ASSOCIATION,

    Defendant/Counter-Plaintiff.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

Before the Court is "Plaintiff The American Insurance Company's Motion for Leave to File Second Amended Complaint." (["Motion"], Doc. No. 130.) Defendant Pine Terrace Homeowners Association ("Pine Terrace") has filed a response, and The American Insurance Company ("AIC") has replied. (["Response"], Doc. No. 133; ["Reply"], Doc. No. 136.) For the following reasons, it is **RECOMMENDED**[1] that the Motion be **GRANTED in part,** and **DENIED in part**.

## BACKGROUND

This lawsuit concerns a property insurance claim under an insurance policy that AIC issued to Pine Terrace. Under that policy, AIC provided coverage for a 34-building commercial

---

[1] The disposition of the present Motion is potentially dispositive of at least some of the parties' claims and defenses. Therefore, out of an abundance of caution, the Court proceeds by Recommendation rather than by Order.

residential property located in Colorado Springs, Colorado. (Doc. No. 9 at ¶ 8; Doc. No. 21 at 10.) Sometime in August 2018, a hailstorm caused damage to the Pine Terrace property. (Doc. No. 9 at ¶¶ 25-26.) AIC issued a payment of $2,270,603.67 on November 19, 2018. After that payment, Pine Terrace hired C3, a public adjuster, and eventually AIC made additional payments, for a total of $4,312,747.85 toward the Claim. (Doc. No. 21 at 11.) Beyond these facts, it appears there is little the parties agree on.

On March 9, 2020, AIC sued Pine Terrace for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging Pine Terrace made material misrepresentations and seeking a declaratory judgment that AIC owes nothing more to Pine Terrace under the policy. (Doc. No. 9 at ¶¶ 149-91.) AIC also seeks recoupment of the $4,312,747.85 insurance benefits it paid to Pine Terrace. (*Id.*) Pine Terrace counterclaims and seeks over $30 million in damages for breach of contract and unreasonable delay and denial of payment under §§ 10-3-1115 and 10-3-1116 of the Colorado Revised Statutes. (Doc. No. 20 at ¶¶ 89-118.)

AIC filed this Motion on October 8, 2021. (Doc. No. 130.) In its Motion, AIC explains that it has—for some time—sought a complete set of estimates from Pella Windows and Doors of Colorado ("Pella"), which reflect the cost to repair or replace windows at the subject property. (*Id.* at 1-2.) AIC contends that Pine Terrace directed Pella to withhold certain estimates from AIC's independent adjuster, and that Pine Terrace withheld from production 4,715 pages of Pella documents. (*Id.* at 2, 6.) AIC filed a successful motion to compel these and other documents in January 2021, and after another subpoena to Pella and some negotiations, Pella produced all estimates on August 20, 2021. (Doc. No. 48; Doc. No. 130 at 7.) AIC contends that it was

diligent in its pursuit of these Pella estimates, noting that it first sought them July 2, 2020, and that it first learned in November 2020 that Pine Terrace was withholding them based on the assertion that Pella would serve as an expert in this case. (*Id.* at 9.)

In its Response, Pine Terrace argues that this information is not new, and that to the extent AIC did not include certain information in its original complaint it is because they were not diligent in their investigation. (Doc. No. 133 at 7-10.) Pine Terrace also argues that the proposed Second Amended Complaint does not comport with Rule 8 pleading standards, does not lend support to a claim and is therefore futile, and would effect prejudice on Pine Terrace. (*Id.* at 4-7, 10-11.)

This case is in the late stages of litigation. The parties have already exchanged multiple sets of written discovery, issued numerous third-party subpoenas, produced thousands of pages of documents, completed multiple fact-witness depositions, and disclosed experts. Discovery in this matter will soon close, and the parties have filed dispositive motions. (Doc. No. 170; *see* Doc. No 201; Doc. No. 208; Doc. No. 209.)

**LEGAL STANDARD**

The deadline to amend pleadings expired in July 2020. (Doc. No. 26 at 14.) Thus, pursuant to Federal Rule of Civil Procedure 16(b)(4), AIC must show good cause for the delay in seeking amendment. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16(b) is "more stringent" than Rule 15 and requires "some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). If the moving party "knew of the underlying conduct but simply failed to raise [its] claims," then

"the claims are barred." *Gorsuch,* 771 F.3d at 1240. "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party," but rather "on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad.*, 194 F.R.D at 687.

By contrast, Rule 15 *does* take prejudice into account. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Chavez v. Hatterman*, Civ. A. No. 6–cv–02525–WYD–MEH, 2009 WL 82496, at *6 (D. Colo. Jan. 13, 2009). A court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The decision to allow amendment is within the trial court's discretion, *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996), and Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Additionally, under Rule 15, the nonmoving party bears the burden of showing the amendment should be rejected. *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009); *Acker v. Burlington N. & Santa Fe Ry. Co.*, 215 F.R.D. 645, 654 (D. Kan. 2003). The purpose of Rule 15 is to "provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim … provided always that a late shift in the thrust of the

case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

## ANALYSIS

### I. Good Cause Under Rule 16

AIC relies on the late disclosure of the Pella estimates to demonstrate good cause under Rule 16. It argues that it sought those documents from Pella as early as July 2020, three months after it filed this case. (Doc. No. 130 at 9.) Then, in November 2020, AIC allegedly discovered that Pine Terrace was withholding those documents on the assertion that Pella would serve as Pine Terrace's expert. (*Id.*) After conferring about the disclosure, AIC filed a motion to compel the documents in the first part of 2021, and it secured the documents by August 20, 2021. (Doc. No. 48; Doc. No. 130 at 9.) A little over a month later, after an opportunity to review the documents and determine how this impacted their case, AIC filed the instant Motion. (*Id.*) The Court finds there is good cause under Rule 16, because the disclosure required multiple subpoenas, motions practice, and negotiations, all of which caused delay beyond AIC's control. *Gorsuch*, 771 F.3d at 1240 (holding that good cause is satisfied where the "movant shows the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts,'" or where "a plaintiff learns new information through discovery").

### II. Timeliness & Prejudice Under Rule 15

Delay alone is not a sufficient reason to preclude amendment. The Court would need to find "undue delay," with "[e]mphasis on the adjective," to deny this Motion under Rule 15. *Minter*, 451 F.3d at 1205. "Lateness does not itself justify the denial of the amendment." *Id.* (citing *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)). Here, for the

reasons set forth above, the Court finds there is no undue delay. *See Bylin v. Billings*, 568 F.3d 1224, 1230-31 (10th Cir. 2009) (observing that there is a "rough similarity" between the undue delay standard under Rule 15 and the good cause standard under Rule 16).

The "most important" inquiry under Rule 15 is whether the amendment would prejudice the nonmoving party. *Minter*, 451 F.3d at 1207-08. In this case, Pine Terrace makes the following argument:

> AIC's request to amend at this stage is undoubtedly prejudicial to Pine Terrace. As previously detailed, the vast majority of the allegations they seek to include at this stage were previously available to AIC long before filing this case, and AIC has failed to provide a reasonable explanation for the delay. Even though the time to conduct discovery may be extended, the parties have already taken the depositions of several key figures in the case and exchanged tens of thousands of pages of discovery. Following these depositions, AIC's efforts to amend at this stage is a clear attempt to create a sham issue of fact and avoid summary judgment. Further, AIC's proposed amendments will prejudice both the parties and the Court by adding additional briefing, the retaking of depositions already taken, and further delaying these proceedings for no good reason.

(Doc. No. 133 at 11.) The sum and substance of Pine Terrace's argument is that it will be prejudiced because "the parties have already taken the depositions of several key figures in the case and exchanged tens of thousands of pages of discovery," and allowing amendment will add "additional briefing, the retaking of depositions already taken, and further delay[ ] these proceedings for no good reason." (*Id.*) The remaining portion of the paragraph simply repeats arguments about AIC's delay and alleged ill-motives, but does not add anything more to the prejudice argument. (*Id.*)

The Court does not agree that additional briefing, more depositions, and additional delay is prejudicial to Pine Terrace. First, since filing its Response to this Motion, Pine Terrace has filed its own motion to amend. (Doc. No. 156.) That motion was filed much later than this

6

Motion, and one year and nine months after the amendment deadline. Thus, even if this Motion were denied, the litigation would still be delayed due to Pine Terrace's own amendments. Second, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin*, 568 F.3d at 1230-31 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)). And finally, to the extent AIC's amendments cause delay, any such delay was occasioned, at least in part, by Pine Terrace's own withholding of documents, as well as the continued disputes between Pine Terrace and AIC.[2] The Court understands that not all cases will involve amicable discussions and meaningful agreement over discovery, but by the same token, where delay is occasioned by the parties' own conduct, they should be hard-pressed to claim that delay will be prejudicial.

### III. Futility Under Rule 15

In considering whether an amendment is futile, courts apply the Rule 12(b)(6) standard, accepting well-pleaded facts as true and reviewing the proposed amendment only to determine if the complaint states a plausible claim for relief as amended. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020) (citation omitted). Here, Pine Terrace argues:

> AIC's proposed amendments are futile when the basis for those amendments is viewed within the full context and history of the claim. Specifically, AIC's cornucopia of unrelated and misleading allegations do nothing to help prove the elements required to succeed on its claims. Further, AIC couches its Motion as necessary to include "revelations from recently discovered documents" to support

---

[2] The Court recently held an almost three-hour informal discovery conference to help the parties reach resolution on a list of deposition topics that have been the subject of several disputes for months. (*See* Doc. No. 202.) At almost every turn the parties disagreed about scope, relevance, privilege, and more. The Court did its best to help the parties reach resolution and avoid further disputes during the deposition, but it is clear that many of the delays in this case have been occasioned by the parties' inability to reach agreement on even small discovery issues.

> its claims. (ECF No. 130 at 3). This is largely incorrect and misleading. Instead, AIC includes a litany of facts in no way relevant to its claims, and in most cases available to it long before filing its initial Complaint was filed [sic] in March of 2020.

(Doc. No. 133 at 6.) It is difficult to discern from this whether Pine Terrace intends to lodge a Rule 12(b)(6) challenge to a particular claim in light of the proposed amendments, or whether this is a continuation of Pine Terrace's Rule 8 arguments from the prior section of its Response. Nevertheless, the Court finds that AIC's proposed amendments—which the Court reviews only to determine if the complaint as amended states a plausible entitlement to relief—are not futile and should be permitted, with one exception.

AIC has included in its proposed Second Amended Complaint, allegations and photographs that are seemingly unrelated to the Pella estimates. (Doc. No. 130-1 at ¶¶ 67-77.) Pine Terrace takes issue with the photographs, arguing they violate Federal Rules of Civil Procedure 8 and 10(c), and unfairly prejudice Pine Terrace. (Doc. No. 133 at 6-7.) In its Reply, AIC argues that Pine Terrace's "protest is disingenuous" because "AIC's original complaint included a photograph and Pine Terrace made no moves to strike it," and because "Pine Terrace's own counterclaims include photographs so it is hypocritical to suggest that such photographs should not be allowed now." (Doc. No. 136 at 7-8.)

Whether or not Pine Terrace's pleading includes photographs, and whether or not AIC's original complaint includes photographs, is not relevant to this Court's inquiry in connection with Pine Terrace's Rule 8 and Rule 10 challenge. "[T]he Federal Rules of Civil Procedure contemplate statements and allegations in parties' pleadings, thus implicitly excluding matters such as photographs, videos, three-dimension models, and objects." *Cabot v. Wal-Mart Stores, Inc.*, No. CIV 11–0260 JB/RHS, 2012 WL 1378529, at *7 (D.N.M. April 10, 2012) (citing

8

*Knight v. Comm'r of Internal Revenue,* 552 U.S. 181, 187 (2008); *Christensen v. Harris Cnty.*, 529 U.S. 576, 583 (2000)). On this basis, courts strike photographs from pleadings. *See, e.g.*, *Nkemakolam v. St. John's Mil. Sch.*, 876 F. Supp. 2d 1240, 1247 (D. Kan. 2012). Although the Court has not come across a blanket rule precluding all photographs from being included in pleadings, the photographs included in AIC's proposed Second Amended Complaint appear to be redundant of the allegations already set forth in AIC's operative pleading, and would likely be stricken pursuant to Rule 12(f), rendering them futile. Thus, to the extent that AIC seeks to amend its pleading to add photographs (Doc. No. 130-1 at ¶¶ 67-77), the request should be denied.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that the "Plaintiff The American Insurance Company's Motion for Leave to File Second Amended Complaint" (Doc. No. 130) be **GRANTED in part,** and **DENIED in part**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of October, 2022.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge